IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Renee L. Harmon, ) | |
| ) | Case No. 1:19-cv-01602 |
| Plaintiff, ) | |
| ) | |
| vs. ) | Judge John Robert Blakey |
| ) | |
| Andrew Marshall Saul, Commissioner of Social ) | |
| Security, ) | Magistrate Mary M. Rowland |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

Thomas S. Bradley and Christina Jaremus of Laner Muchin, Ltd., pursuant to Local Rule 83.17, for their Motion to Withdraw As Counsel for Plaintiff, state:

1. On July 19, 2010, the Court appointed Thomas S. Bradley of Laner Muchin, Ltd to represent Plaintiff in the instant case. ECF No. 14.

2. On July 24, 2019, Thomas S. Bradley and Christina Jaremus of Laner Muchin, Ltd. filed their appearances in this case. ECF No.s 15 and 16.

3. The undersigned counsel met with Plaintiff on July 29, 2019 for approximately three hours discussing the factual circumstances surrounding her employment by the Social Security Administration and termination.

4. Plaintiff has since provided undersigned counsel numerous documents concerning her employment and discharge.

5. The undersigned counsel has reviewed the documentation and factual information Plaintiff provided and conducted legal research.

6. On August 5, 2019, the undersigned counsel determined that they would need to withdraw their representation of Plaintiff pursuant to Illinois Rule of Professional Conduct 1.7(a)(1)

because counsel believes there is a significant risk that continued representation of Plaintiff would require counsel to make arguments to the Court that would be materially adverse to another client Laner Muchin, Ltd. represents.

7. Additionally, Illinois Rule of Professional Conduct 1.7, Comment 8 provides:

> Even where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests. For example, a lawyer asked to represent several individuals seeking to form a joint venture is likely to be materially limited in the lawyer's ability to recommend or advocate all possible positions that each might take because of the lawyer's duty of loyalty to the others. The conflict in effect forecloses alternatives that would otherwise be available to the client. The mere possibility of subsequent harm does not itself require disclosure and consent. The critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.

Ill. R. Prof'l Conduct, R.7, Comment 8.

8. The undersigned counsel believe there is a significant risk that the undersigned's ability to consider, recommend, or carry out an appropriate course of action for Plaintiff will be materially limited as a result of the lawyer's other responsibilities or interests to another long-time client. *See id*.

9. On August 6, 2019, the undersigned counsel met with Plaintiff and informed her of the conflict of interest, their ethical obligations, and their intent to file this Motion. The undersigned confirmed that it can provide all documents Plaintiff provided to the undersigned to any future appointed counsel electronically.

10. Pursuant to Local Rule 83.17, counsel has completed the Counsel Notification of Party Contact Information Form, a copy of which is attached to this Motion as **Exhibit A**.

11. The granting of this Motion will not delay this matter and will not otherwise be inequitable. Therefore, the undersigned counsel request that their appearances be withdrawn.

WHEREFORE, Thomas S. Bradley and Christina Jaremus of Laner Muchin, Ltd. respectfully request that this Court grant this Motion and allow them leave to withdraw their appearances for Plaintiff, Renee Harmon, and further appoint new counsel to represent her.

Dated:  August 8, 2019                                     Respectfully Submitted,

                                                                          By: *s/Thomas Bradley*

Thomas S. Bradley
Christina Jaremus
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
Phone: (312) 467-9800
tbradley@lanermuchin.com
cjaremus@lanermuchin.com

## CERTIFICATE OF SERVICE

Thomas S. Bradley, an attorney, hereby certifies that he caused the foregoing **Motion To Withdraw As Counsel for Plaintiff** in the above-captioned matter to be served on all counsel of record via the Court's ECF filing system and via e-mail and U.S. mail to Plaintiff at the following address on August 8, 2019:

>Renee Harmon, Plaintiff
>123 North Leavitt, Apartment b
>Chicago, Illinois 60612
>(773) 444-8877
>cordtran@yahoo.com

>By: *s/Thomas S. Bradley*