**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RENEE L. HARMON,

        *Plaintiff*,

    v.

ANDREW MARSHALL SAUL,
Commissioner of Social Security,

        *Defendant*.

Case No. 1:19-cv-01602

Honorable John Robert Blakey

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, RENEE L. HARMON, by and through her attorney, Ronald A. Almiron of Almiron LLC, appointed counsel for Plaintiff, and as and for her First Amended Complaint against Defendant, states as follows:

**Nature of the Case**

1.    Plaintiff, RENEE L. HARMON ("Plaintiff"), against Defendant, ANDREW MARSHALL SAUL, Commissioner of Social Security ("Defendant"). Plaintiff's First Amended Complaint asserts herein that Defendant, acting by and through the agents and employees of the Social Security Administration (collectively "Defendant"), subjected Plaintiff to disability discrimination in the form of disparate treatment and harassment in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 to 12213.

2.    Plaintiff's claims arise out of her employment relationship with the Social Security Administration ("SSA").

3.    The SSA office in which Plaintiff worked was located in the City of Chicago, State of Illinois.

1

4.      Defendant hired Plaintiff on or about June 9, 1996, as a record analysis clerk.

5.      During her tenure at the SSA, Plaintiff's performance was at all times exemplary.

6.      Despite Plaintiff's many achievements, Defendant discriminated and fired her in retaliation of her requests for a reasonable accommodation for her disability.  As a result, Plaintiff has suffered significant emotional and monetary damages.

**Jurisdiction and Parties**

7.      This Honorable Court has jurisdiction over this matter pursuant to 28 USC § 1331 and §1343, in that this is a civil action arising under the ADA.

8.      The events out of which this controversy arose occurred in the Northern District of Illinois.

9.      Plaintiff is a resident of the State of Illinois, and resides within the Northern District of Illinois.  Plaintiff is a citizen of the United States.

10.     Plaintiff is an employee, as defined by the ADA.

11.     Defendant is currently Commissioner of the Social Security Administration.

12.     Upon information and belief, Defendant is an employer as defined by the ADA.

13.     Plaintiff has made three (3) charges of discrimination with the Equal Employment Commission ("EEOC"), and received a right to sue letter on July 23, 2015.

**Venue**

14.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, in that Defendant is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

**Background Facts**

15.     Plaintiff began working for Defendant on or about June 9, 1996, as a record analysis clerk.

16.     During her tenure, Plaintiff's work performance met or exceeded Defendant's legitimate expectations. Plaintiff's reviews of her performance were consistently satisfactory or excellent.

17.     Defendant recognized Plaintiff's accomplishments by promoting her and awarding her with bonuses and raises.

18.     On May 9, 2015, Plaintiff was injured as a result of a slip and fall accident on Defendant's premises during her work for the SSA.

19.     Plaintiff, having been diagnosed with her injuries thereafter, is a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended. As a result of Plaintiff's disability, major life activities became substantially limited.

20.     After having been told her diagnosis, Plaintiff informed Defendant that she would need a reasonable accommodation consisting of being able to perform her work duties. Plaintiff provided Defendant with a doctor's note to support her request for a reasonable accommodation.

21.     Despite Plaintiff's numerous requests for a reasonable accommodation throughout 2015 since her slip and fall injury, Defendant ignored her requests and refused to grant her request. However, Defendant has accommodated similarly-situated employees in the past. Plaintiff's initial injuries and disability included her right wrist and hand, which at all times was her dominant hand.

22.     In addition, Plaintiff was marginalized while similarly-situated employees were treated more favorably.

3

23.     As a result, Plaintiff complained about the discriminatory treatment she received, and the refusal to approve her request for an accommodation.

24.     Due to the extreme pain from which Plaintiff continued to suffer, she sought from SSA a reasonable accommodation for her disability so that she could perform her work functions.  At the time, those functions included processing payment checks to favorable SSA claims.  One such reasonable accommodation included a smaller workload because Plaintiff could use only her left hand.

25.     SSA denied Plaintiff's repeated requests for reasonable accommodations.

26.     Despite her excellent performance, the SSA created a hostile environment for Plaintiff based upon her disability, injuries, age, and ability to heal from her injuries.

27.     Accordingly, Plaintiff experienced harassment at her workplace by her SSA supervisors.

28.     Defendant through the SSA discriminated against Plaintiff beginning on or about May 9, 2015.

29.     On June 23, 2015, Plaintiff, making her first claim, timely filed charges of disability discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

30.     Subsequently the EEOC issued Plaintiff a Notice of Right to Sue.  This Complaint has been filed within 90 days of receipt of that notice.  Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADA.

31.     On or about June, 2016, Plaintiff underwent fistula dialysis surgery due to her kidney problems.

32.     On or about February 5, 2019, Plaintiff made her second EEOC complaint, whose case number is chi-19-0425.

33.     On or about April 4, 2019, Plaintiff made her third EEOC complaint, whose case number is chi-19-0600.

34.     Rather than engaging in the interactive process to address Plaintiff's requests for an accommodation, Defendant decided to summarily fire Plaintiff.  Tellingly, Plaintiff had engaged in protected activity just weeks earlier when she complained of disability discrimination.

35.     On June 4, 2019, Plaintiff was terminated from her employment by Defendant.

36.     Defendant allegedly fired Plaintiff because of incidents in which she was involved at work.  However, Defendant's reason was pretext and retaliatory due to Plaintiff's complaints of discrimination.


## COUNT I

### Failure to Provide a Reasonable Accommodation in Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq.

37.     Plaintiff repeats and realleges the allegations set forth in Paragraph Nos. 1 through 36 above as if fully set forth herein.

38.     At all times material hereto, Plaintiff was an employee and Defendant her employer, covered by and within the meaning of Title I of the ("ADA").  42 U.S.C. § 12111(5)(a).

39.     At all times material hereto, Plaintiff was an individual with a disability within the meaning of §3(2) of the ADA, 42 U.S.C. § 12102(2).

40.     Following her diagnoses, Plaintiff was a "qualified individual with a disability" as that term is defined in the ADA.  42 U.S.C. § 12111(8).

41.     Plaintiff's injury to her right wrist and hand are physical impairments that substantially limit one or more major life activities.

42.     Plaintiff has a record of physical impairments that that substantially limit one or more major life activities including, but not limited to, type 2 diabetes and kidney problems.

43.     Defendant was aware of Plaintiff's right wrist and hand injury as well as her diabetes and kidney problems.

44.     Plaintiff notified Defendant about her disabilities and requested reasonable accommodations to be able to both perform her work duties and treat with her medical providers for her injuries.

45.     Defendant refused to engage in the interactive process and denied Plaintiff's requests.

46.     Defendant also regularly made discriminatory comments to Plaintiff and her co-workers regarding Plaintiff's disability and requests for reasonable accommodations.

47.     Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

48.     Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT II

### Retaliation in Violation of the Americans with Disabilities Act 42 U.S.C. §§ 12181 et seq.

49.     Plaintiff repeats and realleges the allegations set forth in Paragraph Nos. 1 through 48 above as if fully set forth herein.

50.     Plaintiff was qualified for her position when Defendant fired her.

51.     Plaintiff engaged in protected activity by complaining to her supervisors about discriminatory treatment Plaintiff received based on Plaintiff's disability and requests for a reasonable accommodation.

52.     Only weeks after Plaintiff complained of disability discrimination, Defendant summarily fired Plaintiff on June 4, 2019, allegedly because of incidents in which she was involved at work.

53.     Defendant's alleged reason for terminating Plaintiff's employment is pretextual and baseless.  Defendant fired Plaintiff because she complained of disability discrimination numerous times between 2015 and 2019.

54.     Plaintiff suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

55.     Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A.      Accept jurisdiction over this matter;

B.      Award Plaintiff for her past and future loss of wages and benefits, plus interest;

C.      Award Plaintiff compensatory and punitive damages;

D.    Order Defendant to reinstate Plaintiff to a position comparable to her former

position or, in lieu of reinstatement, award her front pay, including benefits;

E.    Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection

with this action; and

F.    Grant Plaintiff such additional or alternative relief as the Court deems just and

proper.

Respectfully submitted,

Dated December 18, 2019

___/s/Ronald A. Almiron_____
RONALD A. ALMIRON (IL #6220498)
ALMIRON LLC
455 West Front Street, #207
Wheaton, Illinois  60187
Telephone:  (630) 717-7112
Facsimile:  (630) 385-0052
Electronic Mail:  ronald@almironlaw.com

Attorney for Plaintiff,
RENEE L. HARMON

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, I electronically filed the foregoing First Amended Complaint, by using the CM/EDF system which will send notification of such filing to the following at their electronic mail address on file with the Court:


AUSA-SSA
UNITED STATES ATTORNEY'S OFFICE (NDIL – CHICAGO)
219 South Dearborn Street
Chicago, Illinois  60604
Telephone:  (312) 353-5300
Electronic Mail:  usailn.ecfssaausa@usdoj.gov



        ___/s/Ronald A. Almiron_____
        RONALD A. ALMIRON
        Attorney for Plaintiff,
        RENEE L. HARMON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

RENEE L. HARMON,

                    *Plaintiff*,

        v.

ANDREW MARSHALL SAUL,
Commissioner of Social Security,

                    *Defendant*.

Case No. 1:19-cv-01602

Honorable John Robert Blakey

## NOTICE OF FILING

To:    AUSA-SSA
       UNITED STATES ATTORNEY'S OFFICE (NDIL – CHICAGO)
       219 South Dearborn Street
       Chicago, IL  60604

        On December 20, 2019, the undersigned caused to be filed with the Office of the Clerk of Court the attached First Amended Complaint.

        Dated December 20, 2019          ___/s/Ronald A. Almiron_____
                                         RONALD A. ALMIRON
                                         Attorney for Plaintiff,
                                         RENEE L. HARMON

RONALD A. ALMIRON (IL #6220498)
ALMIRON LLC
455 West Front Street, #207
Wheaton, Illinois  60187
Telephone:  (630) 717-7112
Facsimile:  (630) 385-0052